# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:94cr44

| | |
|---|---|
| JAMES STANLEY CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion for Appropriate Relief of Person Who is Actually Innocent (#48), filed April 29, 2010. Close review of petitioner's motion reveals that petitioner is contending that he was improperly sentenced in 1995 under 18, United States Code, Section 924(e) as a career offender because two of the predicate offenses (common law robbery) occurred on the same day and were consolidated by the state court for purposes of sentencing. As this court has previously held, this same issue was raised by trial counsel in objection to the Presentence Report, appellate counsel raised this issue on appeal, and petitioner raised this issue *pro se* in his previously filed motion under 28, United States Code, Section 2255. See Order of June 10, 2002 (#44), a pp. 7-9.

While labels assigned to pleadings filed by *pro se* litigants are not determinative of a claim's true nature, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), petitioner has placed no federal label on this motion which would indicate whether it

-1-

is brought under 28, United States Code, Sections 2255 or 2241,[1] or 18, United States Code, Section 3582(c).[2] Petitioner's use of the term "actually innocent" leads the court to conclude that petitioner is attempting to bring this claim under Section 2255.[3] Petitioner has, however, already filed a Section 2255 petition in which he raised the same argument concerning the counting of Section 924(e) predicate offenses, which was rejected by this court. See Motion to Vacate (#43) & Order (#44).

As a second or successive Section 2255 motion, 28, United States Code, Section 2244(a) provides as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). The Court of Appeals for the Fourth Circuit has clearly held that in the case of a successive petition a prisoner must "first request authorization to file a successive motion pursuant to § 2244(b)(3) before filing a § 2255 motion with the district court." United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), modified

---

[1] Petitioner is housed in a facility in the District of South Carolina.

[2] Petitioner did use the term "Motion for Appropriate Relief," which is a term commonly used in the North Carolina courts when seeking post-judgment relief in a criminal matter.

[3] Plaintiff does not challenge the fact that he committed the predicate offenses; rather, he challenges the trial court's consideration of those offenses as three predicate offenses rather than two for purposes of sentencing. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir.2010)("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); Poindexter v. Nash, 333 F3d 372, 382 (2d Cir. 2003)("whatever the merit of the contention that the Guidelines were misapplied in the treatment of Poindexter's three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence.").

on other grounds United States v. Urutyan, 564 F .3d 679 (4th Cir.2009).

Applying Little, this court determines that petitioner's application raises only claims which are properly brought under Section 2255,[4] that the applicant has filed a prior Section 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as provided under Section 2244(b)(3). The interests of justice do not, however, justify transferring the motion to appellate for treatment as an application for leave to file a successive petition as it appears that no substantive relief could be afforded as noted above. Thus, this court will deny the motion without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Appropriate Relief of Person Who Is Actually Innocent is **DENIED** without prejudice as successive.

Signed: April 13, 2011

Max O. Cogburn Jr.
United States District Judge

---

[4] The court has also considered whether petitioner has brought this claim under 18, United States Code, Section 3582(c), and cannot find that provision applicable.