UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00348-MOC

| | |
|---|---|
| **JAMES CALDWELL,** )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | SCREENING ORDER<br>and ORDER OF DISMISSAL |

**THIS MATTER** is before the court on petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. Having considered petitioner's motion and reviewed the pleadings, the court enters the following findings, conclusion, and Order dismissing this action.

**FINDINGS and CONCLUSIONS**

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate.

First, the court finds that the petition has <u>not</u> been signed under penalty of perjury, Rule 2(b)(5), Rules Governing Section 2255 Proceedings.

Second, the court finds that petitioner has asserted that jurisdiction exists and/or that this petition has been timely filed under § 2255(f), which may require further review.

Third, this action may or may not be barred as a second or successive petition. The court does not reach such issue as it appears that the claim asserted is patently frivolous, as discussed below.

1

Fourth, construed in a light most favorable to petitioner, he has asserted the following claim for relief under § 2255(a):

> I. Petitioner sentence was unlawfully enhanced under the ACCA in violation of Due Process because the North Carolina offense of common-law robbery does not qualify as a "violent felony" under <u>Descamps v. United States</u>.

Fifth, having first discerned petitioner's contention, the court has next considered whether such claim merits going forward or whether such claim is patently frivolous as a matter of law. Under <u>Descamps v. United States</u>, ____U.S.____, 133 S.Ct. 2276 (2013), "when a prior conviction is for violating a so-called 'divisible statute,'" which "sets out one or more elements of the offense in the alternative," courts may resort to a variant of the categorical approach "labeled … the 'modified categorical approach.'" <u>Descamps</u>, 133 S.Ct. at 2281. The modified categorical approach is a "tool" which may be used in a "narrow range of cases" to identify which element formed the basis of a defendant's conviction when a statute bears multiple alternative elements. <u>Id.</u> at 2287.

While the court accepts petitioner's implicit argument that North Carolina's common-law robbery statute is a divisible statute, that fact, standing alone, does not require using the "modified categorical approach" as a tool without a plausible allegation of "ambiguity" in the statute of conviction. <u>United States v. Mitchell</u>, 743 F.3d 1054, 1063 (6th Cir. 2014). Ambiguity results when "an individual can violate the statute [of conviction] in a way that constitutes a violent felony and in a way that does not." As to common law robbery under North Carolina law, courts have consistently held both before and after <u>Descamps</u> that the common-law robbery statute falls into category three, the residual clause, which makes countable offenses which pose a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). The Court of Appeals for the Fourth Circuit, prior to <u>Descamps</u>, held in an unpublished decision, as follows:

> Under North Carolina law, "[c]ommon law robbery is defined as the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." State v. Herring, 322 N.C. 733, 370 S.E.2d 363, 368 (1988) (internal quotation marks and citation omitted). Although this offense does not necessarily have "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and is not "burglary, arson, or extortion, [... and does not] involve[ ] use of explosives," § 924(e)(2)(B)(ii), it qualifies as a violent felony under the residual clause in § 924(e)(2)(B)(ii), in that it "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

United States v. Carmichael, 408 Fed.Appx. 769, 770, 2011 WL 196173,*1 (4th Cir. Jan. 21, 2011). After Descamps, at least one trial court in this circuit has held that "North Carolina common law robbery is a violent felony under the ACCA." Mann v. United States, 2013 WL 5356878, *5 (E.D.N.C. Sept. 24, 2013) (citations omitted). Thus, there is no ambiguity that all convictions for common law robbery under North Carolina qualify under the ACCA as "violent felonies" as all such convictions have as an essential element the taking from "another by means of force or fear." Because there is no ambiguity, the modified categorical approach cannot be applied.

Put another way, even when procedural errors in his petition are overlooked, petitioner cannot assert a cognizable claim for relief under Descamps inasmuch as a conviction for common law robbery under North Carolina law is *always* a conviction for a violent felony as an act of violence is a necessary element in any formulation of the offense. Thus, petitioner cannot plausibly assert a claim for relief under Section 2255 inasmuch as the sentencing court properly counted petitioner's common law robbery convictions as qualifying offenses under the ACCA.

The court finds that the claim petitioner has asserted is frivolous and will dismiss the petition without requiring an answer or other response from the government.

# ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** as frivolous.

### Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

In addition to sending a copy of this Order to petitioner, the Clerk shall send a copy to the United States Attorney, attention Amy Ray, and a copy to the Federal Defender, attention Josh Carpenter.

Signed: July 1, 2014

Max O. Cogburn Jr.
United States District Judge